

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00121-CV
_____

PHILLIP DWAYNE HISEY AND
CHRISTOPHER HEFNER, TRUSTEE, APPELLANTS

V.

LINDSEY PEREZ, APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2013-506,059, Honorable William C. Sowder, Presiding

January 6, 2014

## ORDER DISMISSING APPELLANT HISEY'S APPEAL
## AND GRANTING APPELLEE'S MOTION TO DISMISS
## AS TO APPELLANT HEFNER

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellants, Phillip Dwayne Hisey and Christopher Hefner, as Trustee, both perfected an appeal from the trial court's *Temporary Injunction Order* entered on March 19, 2013, in favor of Appellee, Lindsey Perez. The appellate record was filed on May 13, 2013. Appellants' briefs were originally due to be filed on or before June 3, 2013.

Hefner filed his brief on August 5, 2013, but Hisey never filed a brief. By letter dated December 18, 2013, this Court notified Tom Whiteside, counsel for Hisey, of the defect and extended the deadline in which to file his brief to December 30, 2013, noting that failure to do so would subject his appeal to dismissal without further notice. In lieu of filing a brief as requested, counsel has filed with this Court a *Judgment* signed the 20th day of December, 2013, purporting to effectuate a Rule 11 Settlement Agreement between Hisey and Perez.[1] Hisey's brief remains outstanding.

Consequently, we dismiss that portion of this appeal as it pertains to Appellant Hisey for want of prosecution and failure to comply with a notice from the Clerk of this Court requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3(b) and (c).

As to that portion of this appeal as it pertains to Appellant Hefner, we *sua sponte* reconsider *Appellee's Motion to Dismiss for Mootness,* filed September 13, 2013. By this motion Perez contends that because she has filed with the trial court a motion to nonsuit the Appellant, Christopher Hefner, "all issues forming the basis of this appeal" have been disposed of and the appeal should be dismissed. We now grant that motion as to Appellant Hefner, thereby disposing of all claims on appeal.

It is so ordered.

Per Curiam

---

[1]Notwithstanding the fact that this appeal was abated on October 1, 2013, for a period of sixty days to allow the trial court to effectuate a settlement agreement, no settlement having been presented within the time provided, the appeal was formally reinstated on December 18, 2013. We express no opinion as to the efficacy of a "Judgment" entered by the trial court while a case is pending appeal.